## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. WALLACE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1036-RLW |
| | ) | |
| TAMRA CROUCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Robert E. Wallace, Jr.'s amended complaint pursuant to 28 U.S.C. § 1915.  Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's amended complaint is still subject to dismissal, and will order him to file a second amended complaint within thirty days.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. On August 19, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Tamra Crouch and Corizon Health Care as defendants. (Docket No. 1).  Nurse Practitioner Crouch was sued in both an individual and official capacity.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion and assessed an initial partial filing fee on January 3, 2022. (Docket No. 9). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's

complaint was subject to dismissal. In particular, the Court noted that plaintiff had not filled out the "Statement of Claim," "Injuries," or "Relief" sections of his form complaint.

Instead of dismissing the complaint outright, plaintiff was ordered to file an amended complaint. The Court's order included instructions on how to properly amend. Plaintiff was given thirty days in which to comply.

The Court received plaintiff's amended complaint on February 1, 2022. (Docket No. 10).

### The Amended Complaint

Plaintiff's amended complaint is on a Court-provided 42 U.S.C. § 1983 prisoner civil rights form. As before, he names Nurse Practitioner Tamra Crouch and Corizon Health Care as defendants. (Docket No. 10 at 2-3). Nurse Practitioner Crouch appears to be sued in an individual capacity only. Plaintiff's allegations concern deliberate indifference to his medical needs.

In the "Statement of Claim," plaintiff asserts that he swallowed two pieces of metal on January 26, 2021, while he was in administrative segregation. (Docket No. 10 at 3). He alleges that Nurse Practitioner Crouch "denied [him] proper medical treatment (per policy)," and did not allow him to receive outside medical treatment after his second x-ray. He repeats that Nurse Practitioner Crouch "failed to provide [him] treatment," and accuses Crouch of malpractice. Plaintiff closes by asserting that Nurse Practitioner Crouch "neglected to do the requirements."

With regard to injuries, plaintiff states that he suffered anal bleeding after swallowing the two pieces of metal. (Docket No. 10 at 4). He claims that after swallowing the metal, he "did not receive proper medical treatment" from January 26, 2021 until February 11, 2021. It appears that plaintiff wants "outside medical treatment to remove [the] metal" through surgery.

As a result of this purported deliberate indifference, plaintiff seeks $2.2 million in punitive damages, and for defendants to pay for surgery to remove the metal. (Docket No. 10 at 5). Plaintiff states that he is "positive" that "the [metal] is inside [his] stomach as of [this] date."

**Discussion**

Plaintiff is a self-represented litigant who has filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. Because he is proceeding in forma pauperis, the Court reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's amended complaint is still deficient and subject to dismissal. However, he will be given a a final opportunity to cure these defects by filing a second amended complaint.

**A. Deficiencies in Complaint**

Plaintiff's complaint is deficient and subject to dismissal for two reasons. First, he has not stated a claim against Corizon, because he has not presented facts showing "that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). While plaintiff vaguely states that he was denied proper medical treatment "per policy," he makes no effort to explain what that policy was, much less what he means when he asserts he was denied "proper" care. In other words, plaintiff has presented only a conclusion, without any factual support.

Second, and similarly, plaintiff has not stated an individual capacity claim against Nurse Practitioner Crouch. In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff has not stated a deliberate indifference claim. While he has arguably demonstrated a serious medical need, he has presented no facts that Nurse Practitioner Crouch disregarded that need. Instead of explaining what Nurse Practitioner Crouch did or did not do, plaintiff simply repeats the conclusion that he was denied proper medical treatment. There is no indication as to what "proper" is supposed to mean, and no specific allegation as to why Nurse Practitioner Crouch's actions harmed him. Though it is hard to tell, based on plaintiff's conclusory pleadings, it appears that plaintiff is upset that he did not receive surgery. Without more, however, this is merely a disagreement with a treatment decision, which is not a constitutional violation. For example, there are no facts alleging that denying plaintiff surgery is dangerous or puts him at risk. There are also no allegations that Nurse Practitioner Crouch made the decision not to allow plaintiff to have surgery.

Rather than dismissing the case outright, plaintiff will be given an opportunity to file a second amended complaint, according to the instructions set forth below. Plaintiff should read these instructions carefully, as he **must** follow them in preparing his second amended complaint. Failure to follow these instructions will result in the dismissal of this action.

## B.  Amendment Instructions

Plaintiff should type or neatly print his second amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff must specify whether

he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

The second amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

The Court notes that plaintiff's allegations in his amended complaint were conclusory and insufficient to state a claim. Plaintiff must present **facts** demonstrating what defendants did or did not do to harm him. It is not sufficient for plaintiff to simply conclude that he was denied medical care.  He must explain what happened to him that amounted to a denial.

To that end, if plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). The Court emphasizes that

the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** his prior complaints. This means that all claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## C. Motion for Conference

Plaintiff has filed a motion seeking to schedule a "conference on motions [and] subpoenas." (Docket No. 11). The motion will be denied at this time as plaintiff's amended complaint is subject to dismissal, and he is being directed to file a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a conference (Docket No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form **by March 8, 2022**, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on the Court-provided form **by March 8, 2022**, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 8th day of February, 2022.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**