**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT E. WALLACE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1036 RLW |
| | ) | |
| TAMRA CROUCH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Robert E. Wallace's second amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Tamra Crouch in her individual capacity on plaintiff's claim of deliberate indifference to his medical needs.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. On August 19, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Tamra Crouch and Corizon Health Care as defendants. (Docket No. 1). Nurse Practitioner Crouch was sued in both an individual and official capacity.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion and assessed an initial partial filing fee on January 3, 2022. (Docket No. 9). Because plaintiff was proceeding in forma pauperis, the Court reviewed

2

his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal. In particular, the Court noted that plaintiff had not filled out the "Statement of Claim," "Injuries," or "Relief" sections of his form complaint.

Instead of dismissing the complaint outright, plaintiff was ordered to file an amended complaint. The Court's order included instructions on how to properly amend. Plaintiff was given thirty days in which to comply.

On January 31, 2022, the Court received plaintiff's amended complaint. (Docket No. 10). As before, he named Nurse Practitioner Tamra Crouch and Corizon Health Care as defendants. (Docket No. 10 at 2-3). Nurse Practitioner Crouch was sued in her individual capacity.

The allegations in the amended complaint concern deliberate indifference to plaintiff's medical needs. In particular, he stated that he swallowed two pieces of metal on January 26, 2021, while in administrative segregation. (Docket No. 10 at 3). He alleged that Nurse Practitioner Crouch "denied [him] proper medical treatment (per policy)," and did not allow him to receive outside medical treatment after his second x-ray. As a result of swallowing the metal, plaintiff stated he suffered anal bleeding, and sought "outside medical treatment to remove [the] metal" through surgery. He requested $2.2 million in damages. (Docket No. 10 at 5).

The Court reviewed the amended complaint (Docket No. 13) under 28 U.S.C. § 1915 and determined it was deficient. Specifically, the Court found plaintiff had not stated a claim against Defendant Corizon, because he had not alleged "that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). The Court further determined that plaintiff had not sufficiently alleged that Nurse Practitioner Crouch disregarded his serious medical need. Rather than dismissing the case, however, the Court ordered plaintiff to file a second amended complaint, and included instructions on how to do so.

3

On February 22, 2022, the Court received plaintiff's second amended complaint. (Docket No. 14).

### The Second Amended Complaint

Plaintiff's second amended complaint is brought pursuant to 42 U.S.C. § 1983 and names Nurse Practitioner Tamra Crouch as the sole defendant. (Docket No. 14 at 2). Nurse Practitioner Crouch is sued in her individual capacity only. As in the amended complaint, the second amended complaint contains allegations that Nurse Practitioner Crouch was deliberately indifferent to Plaintiff's medical needs.

In his "Statement of Claim," plaintiff asserts that on January 26, 2021, he tried to commit suicide by swallowing two "pieces of solid steel metal." (Docket No. 14 at 3). After a period of five days, x-rays showed that the metal was still inside his stomach. Plaintiff states that the metal caused anal bleeding and stomach cramps. According to plaintiff, Nurse Practitioner Crouch knew he had two "metal objects still in [his] stomach." (Docket No. 14 at 3-4). Nevertheless, Nurse Practitioner Crouch refused to take any more x-rays. (Docket No. 14 at 3). Plaintiff also states that Nurse Practitioner Crouch refused to provide any further medical treatment. Specifically, he asserts that Nurse Practitioner Crouch has not allowed him to have surgery to remove the metal objects from his stomach. (Docket No. 14 at 3, 5).

As a result of this incident, plaintiff states that he has suffered anal bleeding, stomach pain, and emotional distress, which he attributes to Nurse Practitioner Crouch's failure to provide medical treatment. (Docket No. 14 at 5-6). He seeks $2.2 million in damages, as well as the cost of surgery to remove the objects. (Docket No. 14 at 7).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing Nurse Practitioner Crouch of deliberate indifference to his medical needs. Because he is proceeding in forma pauperis, the Court has reviewed his second amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on Nurse Practitioner Crouch in her individual capacity.

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). A plaintiff attempting to claim deliberate indifference must establish both the objective and subjective components. *See Thompson v. King*, 730 F.3d 742, 746 (8th Cir. 2013).

"A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). *See also Davis v. Buchanan County, Missouri*, 11 F.4th 604, 624 (8th Cir. 2021).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health"). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, plaintiff has alleged that he swallowed two pieces of "solid steel metal," which subsequently caused anal bleeding, stomach cramps, and stomach pain. According to x-rays taken by Nurse Practitioner Crouch, the metal remains in his stomach. Despite this, plaintiff alleges that Nurse Practitioner Crouch refuses to take any more x-rays, or to provide any further treatment, such as surgery. As a result, he states that the metal continues to cause him harm, for which Nurse Practitioner Crouch is not doing anything.

The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Additionally, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Bearing this in mind, the Court has determined that plaintiff's allegations are sufficient for purposes of initial review under 28 U.S.C. § 1915. Therefore, the Court will direct the Clerk of

Court to issue process on Nurse Practitioner Crouch in her individual capacity as to plaintiff's deliberate indifference claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Tamra Crouch in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs. Defendant Crouch shall be served in accordance with the service agreement this Court maintains with Corizon.

Dated this 25th day of February, 2022.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**