UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. WALLACE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   4:21-CV-1036 RLW |
| | ) |
| TAMRA CROUCH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Robert E. Wallace's Motion under Freedom of Information Act 5 U.S.C.S. §552 (ECF No. 24) and Motion to Appoint Counsel (ECF No. 26).

**I.      Motion under Freedom of Information Act (ECF No. 24)**

On June 1, 2022, pro se Plaintiff filed a Motion under the Freedom of Information Act, 5 U.S.C.S. §552. Plaintiff asks the Court for "camera video footage, x-rays, documentation, request for production FOIA documents MDOC Potosi."   Under the Freedom of Information Act, federal agencies must "make Government records available to the public, subject to nine exemptions for specific categories of material." *Milner v. Dep't of Navy*, 562 U.S. 562, 564, (2011); *Cvijanovich v. United States Secret Serv.*, 410 F. Supp. 3d 1085, 1090 (D.N.D. 2019), *aff'd*, 807 F. App'x 590 (8th Cir. 2020).   Here, Plaintiff's lawsuit is against Tamra Crouch, a Nurse Practitioner for Corizon.   Crouch clearly does not fall under the purview of FOIA.   Plaintiff, however, can serve Crouch with requests for production of documents under Fed. R. Civ. P. 26, as alluded to in his Motion.   *See* ECF No. 24 (seeking "requests for production FOIA documents").

– 1 –

Because Plaintiff cannot bring a FOIA claim against Crouch, his Motion under the Freedom of Information Act (ECF No. 24) is denied.

### II. Motion for Appointment of Counsel (ECF No. 26)

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering Plaintiff's Motion for Appointment of Counsel, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Robert E. Wallace, indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion under Freedom of Information Act (ECF No. 24) is **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 26) is **DENIED**, without prejudice.

Dated this 27th day of July, 2022.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE