UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT E. WALLACE, JR.,                           )
                                                  )
            Plaintiff,                            )       No. 4:21-CV-1036 RLW
                                                  )
      v.                                          )
                                                  )
TAMRA CROUCH, et al.,                             )
                                                  )
            Defendants.                           )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Tamra Crouch, NP's Motion for Summary

Judgment Based on Exhaustion. (ECF No. 27). Plaintiff Robert E. Wallace Jr. ("Wallace")

brought this suit for damages against Nurse Practitioner Tamra Crouch ("Crouch") under 42

U.S.C. § 1983 for alleged violations of his rights under the Eighth Amendment.  This matter is

fully briefed and ready for disposition.  The Court grants summary judgment in favor of Crouch

because Wallace failed to exhaust his administrative remedies.

**BACKGROUND[1]**

At all times relevant herein, Wallace has been incarcerated at Potosi Correctional Center

("PCC").   (Defendant Tamra Crouch, NP's Statement of Uncontroverted Material Facts

("DSUMF"), ECF No. 29, ¶ 1).  The grievance procedure for the Missouri Department of

Corrections ("MDOC") consists of three steps that are defined in policy D5-3.2 "Offender

Grievance." (DSUMF, ¶ 3).  First, the inmate must file an Informal Resolution Request ("IRR")

---

[1] Defendant's Statement of Uncontroverted Material Facts (ECF No. 29) are deemed admitted
for purposes of summary judgment because Wallace did not specifically controvert them in a
response to the statement of material facts. *See* E.D. Mo. L.R. 4.01(E); *Holloway v. Union Pac.
R.R. Co.*, 762 F. App'x 350, 352 (8th Cir. 2019); *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th
Cir. 2014).

within 15 calendar days from the alleged incident.  (DSUMF, ¶ 4).  If the IRR is not resolved by discussion, a proposed response will be developed.  (DSUMF, ¶ 5)  IRRs must be responded to within 40 calendar days of receipt.  (DSUMF, ¶ 6).  Second, if an inmate is dissatisfied with the IRR response, he may file an Offender Grievance within seven calendar days of his receipt of the IRR response.  (DSUMF, ¶ 7).  The Chief Administrative Officer or designee should respond to an Offender Grievance no later than 40 days after receipt.  (DSUMF, ¶ 8). Third, if the Offender Grievance is not resolved at the formal level, the inmate must file an appeal within seven calendar days.  (DSUMF, ¶ 9).  An appeal response must be provided within 100 calendar days of receipt.  (DSUMF, ¶ 10).  A grievance is not considered exhausted unless and until the inmate completes the formal grievance procedure at the appeal level.  (DSUMF, ¶ 13).

Wallace filed two grievances at PCC between January 26, 2021 and March 16, 2022. (DSUMF, ¶ 15). Wallace filed Grievance PCC-21-401 on or around April 15, 2021.  In PCC-21-401, Wallace complained that his mental health needs were not being met. (*Id*.) After his grievance was not resolved at the IRR stage, Wallace filed a formal grievance.  On June 14, 2021, a response was issued to Wallace, and Wallace received the response on July 19, 2021. (*Id*.)

Second, on May 28, 2021, Wallace filed grievance PCC-21-580, requesting an x-ray. (DSUMF, ¶ 17).  On June 8, 2021, a response was issued to Wallace.  (*Id*.)  On August 9, 2021, Wallace filed a formal grievance.  (*Id*.)  After no response was provided,  Wallace filed a grievance appeal on September 21, 2021.  (*Id*.)  Wallace received a response to his grievance appeal on October 14, 2021.  (*Id*.)

## STANDARD OF REVIEW

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

## DISCUSSION

In his Amended Complaint, Wallace alleges that he swallowed two pieces of metal on or around January 26, 2021. (ECF No. 10 at 3). Wallace claims that Crouch denied him proper

medical treatment under the policy.  He states that he was not provided any outside medical treatment after his second x-ray.  (*Id*.) He claims that he suffered anal bleeding after the metal was swallowed, which required outside medical treatment.  (ECF No. 10 at 4).  In his request for relief, he seeks punitive damages and injunctive relief in the form of surgery to remove the metal.  (*Id*. at 5, 7).

Wallace filed two grievances while incarcerated at PCC, but only grievance PCC-21-580 relates to the allegations in this action.  The Court holds that Wallace failed to exhaust the grievance procedure for grievance PCC-21-580 before filing suit in this case.  Specifically, Wallace did not complete the formal grievance procedure at the appeal level prior to filing his Complaint on August 19, 2021.

Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court repeatedly has emphasized that such "language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638–39 (2016) (citing *Woodford v. Ngo,* 548 U.S. 81, 85 (2006); accord, *Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA")). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules,

including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006). However, such remedies must be the remedies must indeed be "available" to the prisoner. *Booth*, 532 U.S. at 737 (2001). That is, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 578 U.S. at 642 (citing *Booth*, 532 U.S. at 738).

The Court grants Crouch's Motion for Summary Judgment because Wallace failed to exhaust his administrative remedies prior to filing suit.  Wallace filed a grievance on or around May 28, 2021, concerning his Eighth Amendment claim alleged in his Complaint.  (ECF No. 29-1, ¶ 14).  However, Wallace did not exhaust the grievance procedure prior to filing suit against Crouch.  That is, Wallace filed this lawsuit on August 19, 2021.  (ECF No. 1).  At that time, Wallace had not yet completed the formal grievance procedure at the appeal level for grievance PCC-21-580, as required by the MDOC Grievance Procedure.  (ECF No. 29-1, ¶¶ 9, 14).  The Court finds that Wallace did not exhaust his administrative procedures at the time he filed his Complaint and, therefore, grants summary judgment in favor of Crouch.

Further, the Court finds that Wallace has not asserted that exhaustion of the grievance procedures was unavailable to him.  *See Ross*, 578 U.S. at 642. On August 1, 2022, Wallace filed his own Motion for Summary Judgment (ECF No. 33), which the Court construes as his response to Crouch's Motion for Summary Judgment.  *See Ross v. Carver*, No. 4:19CV2971-SNL, 2022 WL 1480239, at *1 (E.D. Mo. May 10, 2022) ("Because plaintiff's summary judgment motions are untimely but were filed within the time to respond to the pending summary judgment motions, the Court will construe plaintiff's motions as his summary judgment response."). Wallace asserts that he "dispute[s] the claim of exhaustion of administrative remedies."  (ECF No. 33).   Wallace argues that Crouch's "false allegations on medical treatment . . . are

immaterial as to the injuries after medical knew of objects." (*Id.*)  Wallace's response does not contend that grievance procedures were not available to him or that they were not capable of use. Therefore, the Court finds administrative remedies were available to Wallace and he is not excused from complying with the mandatory exhaustion requirement.   The Court grants summary judgment in favor of Crouch.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tamra Crouch, NP's Motion for Summary Judgment Based on Exhaustion. (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 33) is **DENIED** as moot.

An appropriate Judgment is filed herewith.


Dated this 9th day of November, 2022.


*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

- 6 -